**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**CHAD JOSEPH VENEZIA**                                                                    **PLAINTIFF**

**v.**                                                                    **CAUSE NO. 2:19CV19-KS-MTP**

**PELICIA HALL**                                                                    **RESPONDENT**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court on the Petition of Chad Joseph Venezia for Writ of

Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [11]

pursuant to 28 U.S.C. § 2244(d). Having considered the parties' submissions and the applicable

law, the undersigned recommends that Respondent's Motion to Dismiss [11] be granted and the

Petition [1] be dismissed with prejudice.

**PROCEDURAL HISTORY**

Petitioner pleaded guilty to possession of precursors with intent to manufacture in the

Circuit Court of Lamar County, Mississippi, on January 2, 2013. ([11-1]). On January 15, 2013,

Petitioner was sentenced to serve thirty years in the custody of the Mississippi Department of

Corrections (MDOC) with twenty years to serve in the custody of MDOC, and the remaining ten

years to be served under post-release supervision. ([11-2]).

On May 27, 2015, Petitioner filed a motion for post-conviction collateral relief in the

Circuit Court of Lamar County. ([12-1] at 33-43).[1] On August 17, 2015, the circuit court denied

his motion for post-conviction collateral relief. ([11-3]). Petitioner appealed, and on October 4,

2016, the Mississippi Court of Appeals affirmed the circuit court's denial of post-conviction

---

[1] Petitioner signed the motion for post-conviction collateral relief on May 21, 2015.

relief. ([11-4]). The Mississippi Court of Appeals issued a mandate on October 25, 2016. ([11-6]). Petitioner did not seek discretionary review. ([11-5]).

On January 21, 2016, while Petitioner's appeal was pending before the court of appeals, he was paroled. ([11-7]). On April 25, 2018, however, the circuit court revoked Petitioner's post-release supervision. ([11-8]).

On January 31, 2019, Petitioner filed his Petition for Writ of Habeas Corpus [1].[2] Thereafter, Respondent filed her Motion to Dismiss [11], claiming that the Petition was not timely and should be dismissed. Petitioner did not respond to the Motion [11] and the time for doing so has long since passed.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") states that a person in custody seeking federal habeas relief must apply for a writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The Fifth Circuit explained how a state conviction becomes final under Section 2244(d)(1)(A) holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.' We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the 'conclusion of direct review' is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.' We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the

---

[2] The Petition was signed on January 31, 2019 and stamped filed on February 6, 2019. "Under the 'mailbox rule,' a prisoner's federal habeas petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 393, 401 (5th Cir. 1999). Weighing all doubts in Petitioner's favor, the undersigned will use the earlier date of January 31, 2019.

2

entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Petitioner was sentenced on January 15, 2013, after entering a guilty plea. ([11-1] at 9-17). Under Mississippi law, a petitioner may not directly appeal from a guilty plea. *See* MISS. CODE ANN. § 99-35-101. Petitioner's conviction became final and the statute of limitations for federal habeas relief began to run on January 15, 2013. In order for this habeas petition to be timely, Petitioner needed to file it by January 15, 2014, unless he was entitled to statutory and/or equitable tolling. 28 U.S.C. § 2244(d)(2); *Holland v. Florida*, 560 U.S. 631, 645 (2010). Petitioner filed his petition on January 31, 2019, more than six years after his judgment became final.

**<u>Statutory Tolling</u>**

Although Plaintiff did not file a response to Respondent's Motion to Dismiss [11], Petitioner discussed the issue of timeliness in his Petition.  Specifically, Plaintiff states that he is "eligible for redress" because an order revoking his parole was entered on April 2, 2018, and he is currently in custody. [1] at 13-14.  The Petition, however, does not relate to the revocation of his parole, but relates to his original conviction and sentence which became final on January 15, 2013.[3]  The original conviction and sentence remained final notwithstanding any determination concerning parole.

Whether statutory tolling occurred during the period between the conviction becoming final on January 15, 2013, and Petitioner filing his federal habeas petition on January 31, 2019, is determined by reference to 28 U.S.C. § 2244(d)(2) which provides for tolling of the one-year

---

[3] All of the grounds enumerated in the Petition relate to the original conviction and sentence. *See* Petition [1].

limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending. 28 U.S.C. § 2244(d)(2). As previously stated, Petitioner signed his motion for post-conviction collateral relief on May 21, 2015. ([12-1] at 33-42). By the time Petitioner signed this motion, the time to file a federal habeas petition had long since expired.

Thus, the motion for post-conviction collateral relief did not toll the statutory limitation period. *Scott v. Johnson*, 227 F.3d 260 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the limitation period expired). Accordingly, Petitioner did not benefit from statutory tolling under § 2244(d), and his federal habeas deadline remained January 15, 2014.

**Equitable Tolling**

"Equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *U.S. v. Patterson*, 211 F.3d 927, 930 (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). The decision to invoke equitable tolling of the one-year limitation period of § 2244(d) is within the discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1998). Generally, equitable tolling only applies to "rare and exceptional circumstances." *Davis*, 158 F.3d at 811. Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A petitioner is entitled to equitable tolling only if he shows that he has diligently pursued his rights, "and that some extraordinary circumstance stood in his way" which prevented timely filing. *Holland*, 560 U.S. at 649. "[E]quity is not for those who sleep on their rights." *Coleman*, 184 F.3d at 403. The petitioner bears the burden of proof concerning whether there are "rare and

4

exceptional circumstances" that toll the period. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Although Petitioner did not file a response to the Motion to Dismiss [11] or refer to the doctrine of equitable tolling, the undersigned notes that one of the issues raised in the Petition is whether there was an "illegal sentence."[4]  Petitioner's claim, however, does not toll the limitation period. *See Jackson v. Brewer*, 2010 WL 4531386, at *1 (N.D. Miss. Oct. 13, 2010) (finding that there is no illegal sentence exception to the federal habeas petition limitation period); *and Williams v. Mississippi*, 2018 WL 312870, at *3 (N.D. Miss. Jan. 5, 2018) ("there is no 'illegal sentence' exception to the federal limitations period"). Also, an illegal sentence does not constitute a "rare and exceptional circumstance" that tolls the limitation period. *See Myers v. Quarterman*, 2007 WL 1215091, at *2 (N.D. Tex. Apr. 25, 2007); *and Felix v. Epps*, 2012 WL 2357456, at *2 (S.D. Miss. Apr. 25, 2012). Thus, the limitation period is not tolled due to Petitioner's illegal sentence claim.

Petitioner has neither presented evidence nor pointed to anything in the record that demonstrates the presence of rare and exceptional circumstances that would invoke equitable tolling. Therefore, Petitioner is not entitled to equitable tolling.

## CONCLUSION

Petitioner's state court judgement became final on January 15, 2013. Pursuant to the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A), Petitioner had until January 15, 2014 to file his federal petition. Petitioner filed his petition on January 31, 2019. Petitioner has not met the

---

[4] Petitioner also raised the issues of ineffective assistance of counsel, involuntary guilty plea, and illegal search and seizure.

burden to prove that the one-year limitation period has been tolled. Accordingly, he cannot avoid the statutory bar of § 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [11] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

Pursuant to the Rules of this Court, any part, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 5th day of June, 2019.

s/ Michael T. Parker
United States Magistrate Judge